TAILORED WOMAN, INC., Plaintiff, *v.* PAUL EMILE BIBILY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 14, 1925.

**Ambassadors and consuls — process — motion to vacate service made upon defendant — fact that defendant is chancellor attached to French Consulate-General does not exempt him from service.**

A process served upon the defendant, holding the post of chancellor to the French Consulate-General, at a place other than at the consulate premises or dwelling, should not be vacated by reason of defendant's position, since, under the circumstances of the service, he was not exempt.

Motion to vacate service of process made upon defendant.

*Maurice M. Cohn* [*William J. Hammel* of counsel], for the plaintiff.

*Falk & Orleans* [*Ilo Orleans* of counsel], for the defendant.

*Daly, Hoyt & Mason* [*Charles K. Carpenter* of counsel], for the Consul-General of France at New York, as *amicus curiæ*.

Lauer, J.  In the present case no judgment has yet been entered but the motion is made by the defendant to vacate process upon him because of his position as Chancellor attached to the French Consulate-General of New York.

In this case the process was not served upon him at the Consulate premises or dwelling.  Hence that phase of the matter presented in the motion in the case of *Lonsdale Shop, Inc.,* v. *Bibily,* 126 Misc. ——, does not here arise.

As I have held, the mere fact that the defendant holds the position of " Chancellor " does not exempt the defendant from the service of process where that process is made at a proper place.  I conclude, therefore, that the present service is proper.

The motion to vacate service is, therefore, denied, with ten dollars costs to the plaintiff to abide the event.